UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FERGUSON ENTERPRISES, INC.,
and FERGUSON ENTERPRISES,
LLC,

    Plaintiffs,

v.                                            Case No: 8:25-cv-369-CEH-NHA

RONALD ERIC BARFIELD,

    Defendant.

## ORDER

This matter comes before the Court *sua sponte*. Plaintiffs, Ferguson Enterprises, Inc., and Ferguson Enterprises, LLC, filed a complaint against Ronald Eric Barfield in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, on February 7, 2025. Doc. 1-1. Defendant filed a Notice of Removal in this Court on February 13, 2025. Doc. 1.[1]

Having reviewed the Notice of Removal and the accompanying documents, the Court is unable to determine whether it may exercise subject-matter jurisdiction due to the insufficiency of the allegations regarding the parties' citizenship. Therefore, Defendant must show cause as to why this action should not be remanded for lack of jurisdiction.

---

[1] Plaintiffs have moved for a preliminary injunction and evidentiary hearing. Docs. 16, 17. Pursuant to Local Rule 3.01(c), Defendant must respond within fourteen days after service of the motion.

In addition, the Court directs Plaintiffs to comply with the disclosure obligations of Fed. R. Civ. P. 7.1(2) and Middle District of Florida Local Rule 3.03.

## DISCUSSION

Federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *Univ. of South Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). It is the burden of the party seeking federal jurisdiction to establish that the jurisdictional requirements are met by a preponderance of the evidence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Any doubts about removal jurisdiction should be construed in favor of remand to state court. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

Defendant asserts that there is subject matter jurisdiction based upon diversity. Doc. 1. Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). For diversity jurisdiction to exist under § 1332, each defendant must be diverse from each plaintiff. *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002).

The citizenship of an individual is equivalent to their "domicile" for purposes of diversity jurisdiction. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (citations omitted). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent[.]" *Id.* (quotations and citations omitted). Significantly, "[d]omicile is not synonymous with residence[] [as] one may temporarily reside in one location, yet retain domicile in a previous residence." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341-42 (11th Cir. 2011).

In contrast, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). "To properly allege the citizenship of an LLC, a party must identify all of the LLC's members and their citizenships." *Alliant Tax Credit Fund XVI, Ltd. v. Thomasville Cmty. Hous., LLC*, 713 F. App'x 821, 824 (11th Cir. 2017), citing *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011). A corporation "shall be deemed to be a citizen of every state…by which it has been incorporated and of the state…where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

Here, Defendant is an individual while Plaintiffs are a corporation and an LLC. The Notice of Removal alleges that Defendant is a Florida citizen, Doc. 1 at 2, but neither the Notice of Removal nor any accompanying documents demonstrate that he is domiciled in Florida. The state court complaint alleges only that Barfield resides in Florida. Doc. 1-1 ¶ 7.

3

With respect to Plaintiffs' citizenship, Defendant has not adequately demonstrated the citizenship of Ferguson Enterprises, LLC. Relying solely on the state court complaint, Defendant alleges that Ferguson Enterprises, Inc., is the parent company of the LLC, and that "[t]herefore, on information and belief, all of the members of Ferguson Enterprises, LLC are citizens of states other than Florida." Doc. 1. Courts in this district have generally held that allegations premised only on "information and belief" are insufficient to establish a party's citizenship for jurisdictional purposes. *See, e.g.*, *Business Lenders, LLC v. Gingerbread House Learning Center Inc.*, No. 3:20-cv-784, 2020 WL 4015773, *2 (M.D. Fla. July 16, 2020) (collecting cases). And here, Defendant's "information and belief" appears to arise exclusively from his assumption that the parent company is the sole member of the LLC. Without more, Defendant's allegations do not satisfy his burden of proving by a preponderance that the parties are diverse. Accordingly, the Court cannot determine whether there is subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Defendant must show cause as to why this action should not be remanded to the state court for lack of jurisdiction.

In addition, Fed. R. Civ. P. 7.1 and Local Rule 3.03 require each party to file a disclosure statement at the time of their first appearance in an action. The Court observes that Plaintiffs have not yet complied with this requirement. Therefore, they are directed to comply with Rules 7.01 and 3.03.

Plaintiffs are further advised that the state court complaint is an impermissible form of pleading in this Circuit called a "shotgun pleading." The Eleventh Circuit has

identified four general types of shotgun pleadings, which violate either Rule 8(a)(2) or Rule 10(b) of the Federal Rules of Civil Procedure. *Weiland*, 792 F.3d at 1321. The first and most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* Ultimately, "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. Here, the state court complaint is a shotgun pleading because each count incorporates the allegations of every prior count, rendering the final count a combination of the entire complaint. Doc. 1-1 ¶¶ 107, 122, 128. Therefore, to the extent this action remains in federal court, the complaint will be subject to dismissal without prejudice if it is not amended to conform with applicable pleading requirements pursuant to Fed. R. Civ. P. 15(a)(1)(B).

Accordingly, it is **ORDERED**:

1. Defendant is directed to **SHOW CAUSE** as to why the Court should not remand this action to the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, for lack of subject-matter jurisdiction. Defendant must file a written response within **FOURTEEN (14) DAYS** of the date of this order. Failure to file a written response within the time

5

provided will result in this action being remanded to the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida.

2. Plaintiffs are directed to file a disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Rule 3.03, within **SEVEN (7) DAYS** from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on March 3, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties